## EL PUEBLO *v.* LÓPEZ.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 46.—Resuelto en febrero 27, 1904.

PLIEGO DE EXCEPCIONES—ACTA DEL JUICIO.—Si no se hubiere presentado pliego de excepciones y el acta del juicio apareciere en los autos firmada por todos los jueces que intervinieron en el juicio, por el Fiscal y por el letrado defensor del reo, y contuviere las declaraciones testificales y demás pruebas practicadas en el juicio, dicha acta es un documento fehaciente que puede servir de base para discutir los fundamentos de una apelación.

EXTORSIÓN—FUNCIONARIO PÚBLICO.—Un funcionario público que valiéndose de su capacidad oficial, sacare dinero a otra persona por medio de amenaza que al efecto le hiciere de denunciarle por la supuesta comisión de un delito, es culpable de extorsión.

SENTENCIA—ACUSADO.—Las advertencias a que se refiere el artículo 318 del Código de Enjuiciamiento Criminal deberán hacerse al acusado antes del pronunciamiento de la sentencia.(*)

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. López Landrón.*

Abogado del apelado: *Sr. del Toro, Fiscal.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ emitió la siguiente opinión del tribunal:

El caso sometido a la decisión de esta Corte Suprema es un recurso de apelación interpuesto por José López Gaztambide contra sentencia de la Corte de Distrito de Ponce que le condena como autor del delito grave de extorsión, comprendido en el artículo 458 del Código Penal, a la pena de un año de presidio con trabajos forzados, que deberá extinguir en el Departamental de la Isla y al pago de las costas

causadas en el juicio.   El apelante fué acusado en dos de
mayo del año próximo pasado por el Fiscal de Distrito de
Ponce por el delito de que se deja hecho mérito, cometido del
modo siguiente: "Una noche, que no se determina, del mes
de septiembre de 1902, se produjo incendio en la casa de co-
mercio de Don José N. Peñas, del pueblo de Yauco, de este
distrito judicial, donde se personó el acusado José López
Gaztambide, Teniente de la Policía Insular y Jefe de la fuerza
de aquel Departamento, y procedió a instruir atestado en
averiguación del hecho, trasladándose después a la casa de
Peñas, a quien ilegalmente amenazó de envolverle en un pro-
ceso criminal, si no le daba $50, suma que rebajó a $25, y
como Peñas no pudiera darle dinero, exigió del mismo un pa-
garé, tomando además, como garantía del pago, un reloj con
su leontina de oro.   Este hecho es contrario a la ley para
tal caso prevista, y a la paz y dignidad del Pueblo de Puerto
Rico.''

Al celebrarse el juicio oral ante la Corte de Distrito de
Ponce, entre otros testigos de la acusación y de la defensa,
declararon José Natividad Peñas, Luis Antonio Dastas, José
Sanabria, Arturo Irizarry, Don Juan Roig y Andrés García,
de los cuales el primero dice: que con motivo de un conato de
incendio que hubo en su establecimiento comercial, se per-
sonó (*) en su casa el entonces teniente de la Policía Insular,
José López Gaztambide, quien le participó que había llegado
con el fin de levantar atestado contra el declarante, por dicho
incendio, lo que no haría si le daba $50, pero como no los
tenía, convino con el acusado en darle $25 en un vale pagaré
que se extendió a favor del Guardia Sanabria, que acompa-
ñaba al acusado, habiéndose apoderado éste de un reloj de
oro que el testigo tenía sobre el escritorio en garantía de
dicho documento; el segundo, o sea Dastas, refiere que encon-
trándose de visita en la casa de Peñas, y en la habitación
en donde éste estaba enfermo, se presentó el Teniente López
Gaztambide, a quien dejó solo con Peñas, quien después

de haberse retirado Gaztambide, le explicó que éste le había exigido dinero y se había llevado un reloj de oro como garantía del importe del vale que se había extendido, cuyo reloj de oro había visto el declarante sobre el escritorio de Peñas antes de entrar Gaztambide en la habitación y no lo vió después de haberse marchado Gaztambide; el tercero, o sea Sanabria, depone que habiendo ido como Policía Insular con varios guardias más y el Teniente López Gaztambide a la casa de Peñas con motivo de un conato de incendio allí ocurrido, penetró Gaztambide en la referida casa y poco después llamó al testigo, entregándole un reloj de oro y un vale que había de guardar hasta que Peñas le pagara el importe del vale, agregando que recibió orden de no devolver el reloj a Peñas, mientras éste no abonara $50, o sea $25 importe del vale, y otros $25 más; el cuarto, o sea Irizarry, dice: que siendo Policía Insular fué con otros guardias y el Teniente López Gaztambide a la casa de Peñas, con motivo de un conato de incendio, y por manifestación que le hiciera más tarde su compañero Sanabria, se enteró del vale de $25 y del reloj de oro que el mismo Sanabria le mostró; el quinto, o sea, Roig, manifiesta que era juez de paz de Yauco y recibió un anónimo en que, entre otras (*) cosas, se le revelaba que en una casa de préstamos de Ponce se había empeñado un reloj por un Policía Insular, y habiéndose trasladado a dicha ciudad, practicó en unión del jefe de policía municipal las diligencias consiguientes, las que dieron por resultado el hallazgo del reloj en un establecimiento de préstamos situado en la Calle de la Marina; y el sexto, o sea, García, refiere que hizo un viaje con Gaztambide desde Guayanilla a Ponce, si mal no recuerda, en el mes de abril, y ya ambos en la Calle de la Marina, frente a un establecimiento de préstamos, le entregó Gaztambide un reloj de oro y leontina para su empeño, como así lo verificó. Además de otros documentos de que no es necesario hacer mérito especial, se trajo al juicio el talón de empeño expedido a nombre de Andrés García, por un reloj

de oro con leontina del mismo metal, cuyo documento lleva fecha 13 de agosto de 1902. Ninguno de los testigos de descargo declara que López Gaztambide dejara de ejecutar el hecho de que se le acusa, ni contradice de modo abierto el mérito de las declaraciones anteriores.

Terminadas las pruebas, el Fiscal solicitó se declarara convicto a López Gaztambide del delito de que había sido acusado, y el Letrado defensor del mismo pidió se dictara veredicto de inculpabilidad, después de lo cual, antes de dictarse el fallo, se hicieron al reo las prevenciones del artículo 318 del Código de Enjuiciamiento Criminal, habiendo alegado que era inocente. El tribunal, por unanimidad, pronunció sentencia condenatoria en los términos ya expuestos, y contra esa sentencia, la defensa del acusado, sin presentar pliego de excepciones, interpuso recurso de apelación que le fué admitido y que ha sido impugnado por el Fiscal en esta Corte Suprema.

En el escrito interponiendo el recurso no se exponen los fundamentos del mismo, pero el Letrado defensor de López Gaztambide en esta Corte Suprema, alega, como motivos, los siguientes: (*)

1. Que no se ha justificado que López Gaztambide amenazara a Peñas con envolverle en un procedimiento criminal, ni que recibiera un vale de $25, y un reloj de oro con cadena del mismo metal, ni que el vale, reloj y cadena fuesen de Peñas, ni que tales prendas hubieran sido empeñadas por y para el Teniente López Gaztambide.   2. Que aun estimando justificados los hechos, no caen de lleno dentro del artículo 458, ni aún del 459 del Código Penal.   3. Que el veredicto es contrario a derecho por no haber recaído con las advertencias a que se refiere el artículo 318 del Código de Enjuiciamiento Criminal.   Aunque no se ha presentado pliego de excepciones, como el acta del juicio aparece firmada por todos los jueces que intervinieron en el juicio, por el Fiscal y por el letrado defensor del reo, dicha acta, en que fueron consig-

nadas las declaraciones de los testigos y demás pruebas prac-
ticadas, es un documento fehaciente, que puede servir de
base a esta Corte Suprema para considerar y discutir los fun-
damentos del recurso. Las declaraciones de cargo consigna-
das en esa acta están tan íntimamente relacionadas entre
sí, tanto se robustece el mérito de unas con el de otras, que
no cabe duda racional sobre la existencia de los hechos de
que fué acusado López Gaztambide. Tales hechos brindan
todos los elementos que integran el delito grave de extor-
sión, tal como se define y castiga por el artículo 458 del Código
Penal, pues Gaztambide obtuvo dinero y alhajas de Don José
N. Peñas, con amenaza de envolverle en un procedimiento
criminal, amenaza que entraña la imputación de un delito
y que no pudo menos que producir en Peñas el temor gene-
rador de la extorsión, máxime tratándose de un funcionario
como José López Gaztambide, teniente entonces del cuerpo
de la Policía Insular. Difícilmente podría obtenerse prueba
más concluyente, tratándose, como se trata, de un delito en
que, por su propia índole, suelen ponerse en juego todos los
ardides que la suspicacia aconseja para impedir su descubri-
miento y comprobación.(\*) Ha tenido, pues, debida aplica-
ción el artículo 458 del Código Penal en su relación con los
456 y 457 del mismo código; y lejos de haber sido infringido
el 318 del Código de Enjuiciamiento Criminal, también ha
sido complido por la Corte de Distrito de Ponce, pues del
acta del juicio consta que antes de dictarse la sentencia se
hicieron al acusado las prevenciones de dicho artículo. De-
ben, pues, desestimarse los fundamentos en que descansa
el recurso, y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asocia-
dos Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la
vista de esta causa.